

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,157-01

### EX PARTE JOEL JOHNATHON LOPEZ-BARRAZA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1172883-A IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to six months' imprisonment. He did not appeal his conviction.

Applicant contends that trial counsel rendered ineffective assistance because, among other things, she failed to file a motion to suppress and to explain Applicant's options to him before he pleaded guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether removal proceedings have been initiated for Applicant and, if so, he is removable solely because of the present conviction. The trial court shall also determine whether counsel's conduct was deficient and there is a reasonable probability that Applicant would have insisted on a trial but for her conduct. *See Hill v. Lockhart*, 474 U.S. 52 (1985). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 13, 2015
Do not publish